## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTIAN BUENO** | : **CIVIL ACTION** |
| | : |
| **v.** | : **NO. 16-4468** |
| | : |
| **MICHAEL OVERMYER, et al.** | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                        **October 31, 2019**

During the middle of a robbery and murder state court trial where his co-conspirator identified him as the shooter after he plead guilty, the defendant decided to plead guilty. He engaged in a fulsome colloquy with the trial judge admitting his guilt and expressing remorse. Approximately ten days later, he moved to reopen his guilty plea. The trial judge denied his motion, and the Pennsylvania appellate courts denied his appeals on a variety of substantive grounds. The defendant then argued his counsel provided ineffective assistance of counsel and sought relief under the Post-Conviction Relief Act. At the hearing on his post-conviction relief before the same trial judge, the co-conspirator attempted to recant his testimony identifying the defendant as the shooter. The trial judge found the co-conspirator lacked credibility and denied relief. After exhausting his appellate rights on the post-conviction relief, the defendant now seeks habeas relief. Judge Lloret entered extensive findings and applied the governing law in recommending we deny the requested relief mainly because the defendant's federal constitutional claims are procedurally defaulted as not properly raised before the state court. We face issues on fair presentment of federal constitutional issues in post-conviction state court filings and hearings. Now considering the defendant's four objections to Judge Lloret's Recommendation, and separately reviewing the entire record, we approve Judge Lloret's Recommendation, overrule the four objections, and dismiss the defendant's petition for habeas relief.

# I.    Facts adduced from evidentiary hearings and public record.

Christian Bueno and Dennis Velez conspired to rob someone at a night club.[1]  Upon
arriving at the night club at approximately 1:00 A.M. on September 8, 2007, Messrs. Bueno and
Velez saw Debra Robberson sleeping in her minivan.[2]  Armed with a handgun, Mr. Bueno opened
Ms. Robberson's van door and a struggle ensued.[3]  Mr. Velez hit Ms. Robberson in the face with
a shotgun, knocking her backwards.[4]  Mr. Bueno then shot Ms. Robberson in the chest, killing
her.[5]

The Commonwealth charged both Messrs. Bueno and Velez with first-degree murder,
robbery, and other offenses.[6]  Mr. Bueno pleaded not guilty and opted for a trial.[7]  On September
15, 2011, Mr. Velez pleaded guilty to murder of the third degree and conspiracy to commit
robbery.[8]  In exchange for his charges running concurrently, Mr. Velez agreed to testify against
Mr. Bueno at trial.[9]  At Mr. Bueno's trial, the Commonwealth called Mr. Velez as its first witness,
who testified Mr. Bueno shot and killed Ms. Robberson.[10]

On September 20, 2011, before his trial concluded, Mr. Bueno changed his plea to guilty
and agreed to a life sentence without parole to avoid the death penalty.[11]  As a condition of his
guilty plea, Mr. Bueno admitted he understood the consequences of entering a guilty plea, admitted
being satisfied with his appointed attorney's assistance, admitted to the Commonwealth's fact
basis for the first degree murder charge, and apologized to the victim's family:

> THE COURT:         By pleading guilty you admit you committed
>                    the crime charged and give up your right to a
>                    trial by jury.  Do you understand that?
>
> THE DEFENDANT:  Yes. . . [12]

2

| THE COURT: | Have any promises been made to you other than your plea bargain made by your attorney? |
|---|---|
| THE DEFENDANT: | No. |
| THE COURT: | Are you satisfied with the representation of your attorney? |
| THE DEFENDANT: | Yes... [13] |

| THE COURT: | All right. Then I'm going to ask you just, for purposes to support the plea, for you to place on the record a factual basis. The trial testimony will be incorporated by for purposes of any appellate issues put on a factual basis. |
|---|---|
| MR. FALK: | Judge, in the early morning hours of September the 8th, 2007, Amarilys Soto drove Dennis Velez and Christian Bueno to the Diamonds (sic) Night Club for the purpose of committing a robbery. |
| | When they got there, Christian Bueno and Dennis Velez got out of the car and approached the car, a green van, that had Debra Robberson in the car. |
| | Ms. Robberson was there. Christian Bueno went into the car, opened the door, and a struggle ensued between the defendant and Ms. Robberson. |
| | To end the struggle Dennis Velez, a co-defendant, came over with a shotgun and hit Ms. Robberson in the face, knocking her backwards. |
| | At that point the co-defendant, Dennis Velez, cursed and questioned the defendant's manhood, at which point the defendant responded by pulling out a handgun, aiming |

3

|                 | at the victim's chest and pulled the trigger, firing the gun, ultimately killing Debra Roberson (sic). |
|-----------------|---------------------------------------------------------------------------------------------------------|
| THE COURT:      | Mr. Bueno, is that what you did?                                                                        |
| THE DEFENDANT:  | Um, yes. . . [14]                                                                                       |

| DEFENDANT: | Um, I apologize to both parties. I feel like God punished me and punished the person, too, because of our lifestyle and I'm sorry for their pain and suffering, as well as for my family's pain and suffering. And that comes from the heart because if I knew it was a girl I would have never done it. So I just want to say that to be clear about that. . . [15] |
|------------|----------|

On September 30, 2011, Mr. Bueno moved to withdraw his guilty plea, averring he entered his plea unknowingly and involuntarily.[16] After a hearing, Judge Dantos denied Mr. Bueno's motion.[17]

On November 8, 2011, Mr. Bueno appealed to the Pennsylvania Superior Court raising two issues: (1) the "oral [plea] colloquy was defective because the elements of the crime of first-degree murder were not explained to him," and (2) the "guilty plea was involuntary due to pressure from counsel and Appellant's mother to accept to plea."[18] On August 7, 2012, the Pennsylvania Superior Court affirmed Mr. Bueno's conviction and sentence.[19] Mr. Bueno timely petitioned for allowance of appeal raising the same claims, but the Pennsylvania Supreme Court denied allocatur on January 9, 2013.[20]

On January 9, 2014, Mr. Bueno *pro se* petitioned under the Post-Conviction Relief Act in state court, claiming his appointed trial counsel provided ineffective assistance by (1) advising Mr. Bueno to plead guilty without a fact basis for his crimes, and (2) urging Mr. Bueno to accept and

4

agree to an unlawfully induced term.[21] Judge Dantos appointed Sean Poll, Esq. as Mr. Bueno's

PCRA counsel, but upon review of Mr. Bueno's file and concluding his petition lacked merit,

Attorney Poll moved to withdraw.[22] Judge Dantos granted Attorney Poll's motion and continued

the hearing to allow Mr. Bueno to retain private counsel.[23]

Craig Cooley, Esq. entered his appearance for Mr. Bueno and filed an amended Post

Conviction Relief petition for Mr. Bueno on October 8, 2014[24] arguing,

> "[t]he PCRA Court erred because there was sufficient credible
> evidence in the record corroborating Dennis Velez's PCRA
> testimony that he, in fact, shot Debra Robberson, not Christian
> Bueno. This after-discovered evidence proves the factual basis of
> Christian Bueno's guilty plea is invalid and unconstitutional, that
> Christian Bueno is legally innocent of first-degree murder, and that
> Christian Bueno has satisfied the manifest injustice standard to have
> his guilty plea withdrawn. U.S. Const. amends. V, VI, VII, XIV; Pa.
> Const., art. 1, §§ 1, 9."[25]

Judge Dantos held a PCRA hearing on March 26, 2015.[26] Mr. Velez recanted his testimony

from Mr. Bueno's trial and PCRA hearing.[27] Mr. Velez swore he, and not Mr. Bueno, shot Ms.

Robberson.[28] Mr. Velez further testified at the time of the shooting, Mr. Bueno passed out drunk

in the back seat of his car.[29] The PCRA court did not find Mr. Velez's testimony credible.[30]

On April 21, 2015, Attorney Cooley filed a post-hearing brief where he argued,

> "Dennis Velez's PCRA Hearing Testimony is Credible and Truthful
> After-Discovered Evidence That Proves A Manifest Injustice
> Occurred, Permitting the Court to Grant Christian Bueno's Request
> to Withdraw his Guilty Plea. U.S. Const. amends. V, VI, VII, XIV;
> Pa. Const., art. 1, §§ 1, 9."[31]

Judge Dantos denied Mr. Bueno's petition on its merits.[32]

On direct appeal to the Pennsylvania Superior Court of Judge Dantos' denial, Mr. Bueno

raised two claims, summarized by the Superior Court as:

> "Appellant presents a lengthy argument, essentially presenting two
> claims: (1) that his plea was unlawfully induced (and, thus, the

5

> PCRA court should have allowed him to withdraw it) where it was premised on facts proven to be untrue by Velez's recantation; and (2) that Velez's recantation constitutes after-discovered evidence warranting the withdrawal of his plea and a new trial."[33]

The Superior Court affirmed the PCRA court's denial of Mr. Bueno's petition.[34]

Before the Superior Court ruled on Mr. Bueno's appeal of his first PCRA hearing, Attorney Cooley filed a second PCRA petition. The Superior Court dismissed this second petition without prejudice because it did not yet rule on the first petition.[35] Attorney Cooley refiled the second PCRA petition on July 7, 2016[36] and an amended second PCRA petition on August 15, 2016.[37] In his second and amended second PCRA petitions, Mr. Bueno raised for the first time claims forming the bases of his later *habeas* claims, and simply cited to constitutional amendments he claimed the state court violated.[38]

The PCRA court held a hearing on Attorney Cooley's second petition on August 15, 2016.[39] On August 16, 2016, the PCRA court dismissed this second petition as untimely.[40] Mr. Bueno appealed the PCRA court's dismissal of his second petition to the Superior Court.[41] The Superior Court construed Mr. Bueno's claims as follows:

> "[Mr. Bueno] presents a lengthy argument, essentially presenting two claims: (1) that his plea was unlawfully induced (and, thus, the PCRA court should have allowed him to withdraw it) where it was premised on facts proven to be untrue by [Mr.] Velez's recantation; and (2) that [Mr.] Velez's recantation constitutes after-discovered evidence warranting the withdrawal of his plea and a new trial."[42]

The Superior Court addressed these claims on their merits and affirmed the PCRA court's second dismissal on October 6, 2017.[43]

### *Mr. Bueno's petition for habeas relief.*

On August 15, 2016, we received Mr. Bueno's counseled writ of *habeas corpus*[44] and motion for stay and abeyance.[45] We referred Mr. Bueno's petition to Judge Lloret for a Report

6

and Recommendation.[46] The Commonwealth agreed with Mr. Bueno's motion for a stay and Judge Lloret stayed the matter on April 12, 2017.[47] Mr. Bueno eventually moved to lift the stay,[48] and Judge Lloret lifted the stay on February 28, 2018.[49] Mr. Bueno raised four claims warranting *habeas* relief. Judge Lloret then issued a detailed Report and Recommendation recommending we dismiss Mr. Bueno's *habeas* petition with prejudice.[50]

### *Judge Lloret found Mr. Bueno's Claim One lacks merit.*

In Claim One, Mr. Bueno argued:

> "The state courts' factual findings were objectively unreasonable and their legal conclusions were contrary to, and involved an unreasonable application of, clearly-established federal law because there was sufficient credible evidence in the state court record corroborating Dennis Velez's PCRA testimony that he shot Debra Robberson, not Christian Bueno and establishing that Dennis Velez's trial testimony was knowingly false. Dennis Velez's false trial testimony unfairly and unconstitutionally induced Mr. Bueno to plead guilty to first-degree murder to avoid all possibility of receiving the death penalty. Dennis Velez's false trial testimony also proves the factual basis of Mr. Bueno's guilty plea is false and unconstitutional. U.S. Cost. Amends. V, VI, VII, XIV."[51]

At his first PCRA hearing, Mr. Bueno only raised two of the arguments included in Claim One: (1) "Dennis Velez's false trial testimony unfairly and unconstitutionally induced Mr. Bueno to plead guilty to first degree murder to avoid all possibility of receiving the death penalty;" and (2) "Dennis Velez's false trial testimony also proves the factual basis of Mr. Bueno's guilty plea is false and unconstitutional."[52]

The Anti-Terrorism and Effective Death Penalty Act, the federal statute allowing for *habeas* relief, mandates the application of a deferential standard when federal courts conduct *habeas corpus* review of state-court decisions. Specifically, to grant *habeas* relief based on alleged error in a state court's factual findings, a federal court must find the state court's conclusion "an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding."[53] The Act presumes a state court's determination of a factual issue to be correct, and a *habeas* petitioner has the burden of rebutting this presumption by clear and convincing evidence.[54]

Judge Lloret found the Superior Court reasonably determined Mr. Bueno's knowingly, intelligently, and voluntarily entered his guilty plea. Pennsylvania law allows a criminal defendant to withdraw a guilty plea after sentencing only where the defendant makes a showing of prejudice amounting to "manifest injustice."[55] Manifest injustice is proven when a defendant shows he entered his guilty plea unknowingly and unintelligently.[56] A guilty plea is not "truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."[57] Pennsylvania courts use a six-part inquiry to determine whether a criminal defendant acted voluntarily, knowingly and intelligently when entering a guilty plea:

> "(1) Does the defendant understand the nature of the charges to which he is pleading guilty?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he has a right to trial by jury?
>
> (4) Does the defendant understand that he is presumed innocent until he is found guilty?
>
> (5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?"[58]

At his guilty plea, Judge Dantos performed an extensive oral colloquy covering the above six areas with Mr. Bueno.[59] Mr. Bueno stated he understood the nature of the charges against him and the rights he would surrender by entering a guilty plea.[60] Mr. Bueno stated nobody made threats or promises to induce him to enter his guilty plea.[61] Mr. Bueno even apologized to Ms.

8

Robberson's family, saying, "I apologize . . . I'm sorry for [Ms. Robberson's family's] pain and suffering, . . . [a]nd that comes from the heart because if I knew it was a girl I would have never done it. So I just want to say that to be clear about that."[62] Mr. Bueno also pleaded guilty to avoid the death penalty, which the Supreme Court said is strong evidence of a plea's voluntariness.[63] The trial court found Mr. Bueno's guilty plea to be entered voluntarily, knowingly, and intelligently.[64] The Superior Court also noted Mr. Bueno understood the consequences of entering a guilty plea and he did so voluntarily.[65] "A defendant's post-sentence recantation of guilt does not rise to the level of prejudice on the order of manifest injustice sufficient to require that he be permitted to withdraw his plea of guilty."[66]

Judge Lloret also relied on the Superior Court's conclusion Mr. Velez's recantation lacked credibility. This finding of fact is entitled to a presumption of correctness and may be rebutted only by clear and convincing evidence,[67] and Mr. Bueno provided no clear and convincing evidence in his petition to rebut the Superior Court's finding of fact.

This finding of fact also supports the Superior Court's disposition of Mr. Bueno's second claim contained in Claim One: Mr. Velez's false trial testimony and later recantation prove Mr. Bueno relied on a false factual basis in entering guilty plea. The PCRA Court disagreed and found the factual basis of Mr. Bueno's plea to be sound and the Superior Court affirmed.

On *habeas* review, we ask whether the guilty plea violated Due Process requirements of the Fourteenth Amendment, not whether the guilty plea followed every applicable state law requirement.[68] The secondary inquiry is whether the state court unreasonably determined the facts, or unreasonably applied federal law, as determined by the United States Supreme Court, when it denied relief.[69]

9

It is not our obligation to assess credibility determinations made in state courts.[70] Even if we could make such determinations, it might only be on a motion to vacate sentence, but not on *habeas* review. Two fact finders before us agreed the fact basis of Mr. Bueno's plea to be credible. Mr. Bueno's counsel cross-examined Mr. Velez at trial when he testified Mr. Bueno shot Ms. Robberson. Then when Mr. Velez recanted his trial testimony at the PCRA Hearing, Mr. Bueno's counsel again cross-examined Mr. Velez.

As found by fact finders, Mr. Velez's trial testimony did not unconstitutionally induce Mr. Bueno to plead guilty. At his oral colloquy, Mr. Bueno admitted he understood the nature of the charges against him, he admitted nobody made threats or promises to induce his plea, and even admitted to killing Ms. Robberson. Mr. Bueno also pleaded guilty to avoid the death penalty. Mr. Bueno also failed to show Mr. Velez's trial testimony lacked credibility. Mr. Bueno's Claim One fails.

### *Judge Lloret found Mr. Bueno's Claim Two lacked merit.*

In Claim Two, Mr. Bueno argued:

> "The Commonwealth needed to corroborate Dennis Velez's trial testimony that Christian Bueno shot and killed Debra Robberson. This corroboration came from Reina Lopez's extremely tardy, last minute statement. Reina Lopez's testimony, therefore, was critical to the Commonwealth's case against Christian Bueno. The Commonwealth, though, elicited facts from Felix Oquendo discrediting Reina Lopez's statement. These facts included not only the substance of Felix Oquendo's statement, but the context in which they were made, i.e., Felix Oquendo told law enforcement officials Reina Lopez's statement was false. These facts were exculpatory to Christian Bueno. The Commonwealth, though, suppressed Felix Oquendo's statement to detectives. The suppression of Felix Oquendo's statement to detectives undermines confidence in the legal process resulting in Christian Bueno's decision to plead guilty to first-degree murder, rendering Christian Bueno's guilty plea unknowing and unintelligent. Christian Bueno, therefore, is entitled to have his guilty plea withdrawn. U.S. Const. amends. V, VI, VIII, XIV."[71]

Judge Lloret concluded these claims are procedurally defaulted and should not be considered on *habeas* review because Mr. Bueno first raised them in his second round PCRA petitions, which the PCRA court dismissed as untimely[72] and on independent state grounds.[73] Judge Lloret also concluded Mr. Bueno did not fairly present the constitutional issues of Claim Two to state courts.

Mr. Bueno did not raise to the state courts the federal claims contained in his *habeas* Claim Two until well after his one-year window to do so lapsed. The state courts dismissed Mr. Bueno's newly-discovered evidence claim regarding Mr. Oquendo's statement for untimeliness and on independent and adequate state grounds.

Mr. Bueno first filed his second PCRA petition on January 4, 2015, which the PCRA court quickly dismissed without prejudice due to the pending appeal of the first PCRA petition to the Superior Court.[74] A subsequent petition must be filed within sixty days of the date of the order finally resolving the previous PCRA petition,[75] but Mr. Bueno did not re-file for seventy-eight days.[76] Mr. Bueno's failure to comply with this rule disposes of his *habeas* Claim Two on independent and adequate state grounds, barring relief.

To fairly present a claim, both the facts and legal theory presented to the state court must be the same as contained in the petitioner's *habeas* petition.[77] "Mere similarity of claims is insufficient to exhaust."[78]

Mr. Bueno's *habeas* Claim Two asserts the prosecutor violated his due process rights under *Brady v. Maryland*[79] by suppressing Mr. Oquendo's potentially exculpatory statement. But to the state courts, Mr. Bueno simply asked whether, under state law, he should be permitted to withdraw his guilty plea because of after-discovered evidence.[80] This claim is not fairly presented because it fails requirements laid out in by the Supreme Court in *Duncan*.

11

## *Judge Lloret found Mr. Bueno's Claim Three lacked merit.*

In Claim Three, Mr. Bueno argues ineffective assistance of counsel because his trial

counsel acted objectively unreasonable in deciding not to call Mr. Oquendo as a trial witness:

> "Trial counsel spoke with Felix Oquendo who told him Reina
> Lopez's statement was false. Trial counsel, though, did not consult
> with Christian Bueno regarding Felix Oquendo's statement, nor did
> he subpoena Felix Oquendo to testify as a defense witness. Felix
> Oquendo's criminal convictions could not be a reasonable or
> justifiable basis for not subpoenaing him because trial counsel
> subpoenaed and presented Isaiah Workman who also had a
> significant criminal history and was serving a criminal sentence
> when he testified. Trial counsel's decision not [to] inform Christian
> Bueno of Felix Oquendo's statement and his decision not to
> subpoena and present Felix Oquendo as a defense witness was
> objectively unreasonable and undermines confidence in the legal
> process resulting in Christian Bueno's decision to plead guilty to
> first-degree murder, rendering Christian Bueno's guilty plea
> unknowing and unintelligent. U.S. Const. amends. V, VI, VIII,
> XIV."[81]

In his Report and Recommendation, Judge Lloret concluded Claim Three fails for two

reasons: (1) it is procedurally barred because Mr. Bueno did not raise it until his second PCRA

petition, and (2) the claim fails on its merits.[82]

We are guided by *Strickland v. Washington*[83] in analyzing claims of ineffective assistance

of counsel. A convicted defendant complaining of ineffective assistance of counsel must first

show his counsel's performance to be deficient by falling below an objective standard of

reasonableness.[84] "This requires showing . . . counsel made errors so serious . . . counsel was not

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[85] Next the

defendant must show "the deficient performance prejudiced the defense. This requires showing .

. . counsel's errors [to be] so serious as to deprive the defendant of a fair trial, a trial whose result

is reliable."[86] "Unless a defendant makes both showings, it cannot be said . . . the conviction or

death sentence resulted from a breakdown in the adversary process [rendering] the result

unreliable."[87] "Judicial scrutiny of counsel's performance must be highly deferential, . . . [and the] "defendant must overcome the strong presumption . . . the challenged action 'might be considered sound trial strategy.'"[88] Finally, "[t]he defendant must show . . . there is a reasonable probability . . . but for counsel's unprofessional errors, the result of the proceeding would have been different."[89]

In his analysis of the merits of Claim Three, Judge Lloret concluded Mr. Bueno's ineffective assistance of counsel claim fails because he could not show *Strickland*'s required "but for" causation.[90] We agree.

At trial, Mr. Bueno tried to prove his presence in Brooklyn, New York on the night of the shooting, showing he could not have been the shooter.[91] Mr. Bueno called three witnesses to testify to this.[92] But as Judge Lloret concluded and we agree, the record does not establish how Mr. Oquendo's testimony would have added to this defense. Even if Mr. Oquendo testified, questions would remain about the outcome of the case,[93] and Mr. Bueno does not answer these questions in his *habeas* petition.

We adopt Judge Lloret's reasoning and deny Mr. Bueno's Claim Three because it is unexhausted, procedurally barred on an independent state ground, and does not make out a case under *Strickland*.

### *Judge Lloret found Mr. Bueno's Claim Four lacked merit.*

Mr. Bueno's Claim Four is limited to a single paragraph in his *habeas* petition:

> "Cumulatively, Dennis Velez's false trial testimony, the Commonwealth's suppression of Felix Oquendo's exculpatory statement, and trial counsel's objectively unreasonable decision not to present Felix Oquendo as a defense witness at Mr. Bueno's death penalty trial renders Mr. Bueno's guilty plea involuntary, unknowing, and unintelligent under the Pennsylvania and Federal Constitutions. U.S. Const. amends. V, VI, VIII, XIV; Pa. Const. art. §§ 1, 6, 9."[94]

13

Claim Four simply contains claims raised in Claim One, Claim Two, and Claim Three. Judge Lloret concluded Claim Four, like Claim Two and Claim Three, should be denied because it procedurally defaulted when Mr. Bueno did not raise the claims until his untimely second PCRA petition.[95] Judge Lloret found Claim Four baseless and concluded the "cumulative effect of a series of non-errors . . . is nothing."[96] "[W]here there is no finding of error, there can be no cumulative error."[97]

A claim of cumulative effect arises when a petitioner suffers individual errors not amounting to enough for *habeas* relief, but when the sum, or combination of the errors, cumulatively prejudices the petitioner, undermining the fundamental fairness of his proceedings.[98] "The cumulative error doctrine allows a petitioner to present a standalone claim asserting the cumulative effect of errors at trial that so undermined the verdict as to constitute a denial of his constitutional right to due process."[99] A *habeas* petitioner must establish "actual prejudice" resulting from the cumulative errors to obtain relief.[100]

The Commonwealth presented strong evidence showing Mr. Bueno to be guilty of first-degree murder. At his guilty plea, Mr. Bueno listened to and accepted the Commonwealth's factual basis and admitted, he, and not Mr. Velez, killed Ms. Robberson. Mr. Bueno even apologized to Ms. Robberson's family for the killing. Mr. Bueno presents no evidence in his *habeas* petition to support Claim Four. Mr. Bueno presents nothing to show anyone induced his guilty plea through unconstitutional means.

Claim Four fails because (1) Mr. Bueno did not fairly present these claims in state court because he first raised them in his untimely second PCRA petition, and (2) the claims fail on the merits because Mr. Bueno presented no evidence to show "actual prejudice" of these alleged errors.

14

## II.  Analysis

Mr. Bueno now objects to Judge Lloret's Report and Recommendation mainly challenging Judge Lloret's conclusion Mr. Bueno did not fairly present his unconstitutional inducement claim to the state courts.[101] Mr. Bueno specifically objects to Judge Lloret's conclusion on Claim Four, "[t]o fairly present a federal Constitutional issue in state court, it is not enough to simply cite to the Constitution. A plaintiff must fairly put before the state court both the federal Constitutional standard he claims ... violated, and the set of facts [violating] the federal Constitutional standard."[102] We agree with Judge Lloret in denying and dismissing Mr. Bueno's *habeas* petition.

All of Mr. Bueno's *habeas* claims are unexhausted and procedurally barred because he did not fairly present them to the state courts. Before a petitioner is entitled to federal *habeas* review, he must first exhaust his state court remedies.[103] The petitioner's federal *habeas* claims must be presented at all levels of state court.[104] Fair presentment of a federal issue requires the petitioner to present the factual and legal substance of the claim in such a manner the state court is noticed a federal claim is being asserted.[105] "The claim brought in federal court must be substantial equivalent of that presented to the state courts."[106]

Where a prisoner does not exhaust federal claims in state court and can no longer pursue them there because a state procedural rule prevents him from doing so, the claims are procedurally defaulted and it would be futile to raise them now in the state court.[107] Federal courts cannot consider defaulted claims,[108] unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate . . . failure to consider the claim will result in a fundamental miscarriage of justice."[109]

In his first PCRA petition, where we require he raise all his federal claims, Mr. Bueno argued,

15

"[t]he PCRA Court erred because there was sufficient credible evidence in the record corroborating Dennis Velez's PCRA testimony that he, in fact, shot Debra Robberson, not Christian Bueno. This after-discovered evidence proves the factual basis of Christian Bueno's guilty plea is invalid and unconstitutional, that Christian Bueno is legally innocent of first-degree murder, and that Christian Bueno has satisfied the manifest injustice standard to have his guilty plea withdrawn. U.S. Const. amends. V, VI, VII, XIV; Pa. Const., art. 1, §§ 1, 9."[110]

On direct appeal, the Superior Court construed this as two separate claims: (1) "Dennis Velez's false trial testimony unfairly and unconstitutionally induced Mr. Bueno to plead guilty to first degree murder to avoid all possibility of receiving the death penalty;" and (2) "Dennis Velez's false trial testimony also proves the factual basis of Mr. Bueno's guilty plea is false and unconstitutional."[111] These are the only two of Mr. Bueno's *habeas* claims which did not procedurally default as untimely.[112]

Mr. Bueno's judgment became final on April 9, 2013. The final date for Mr. Bueno to raise any federal claims to the state courts is one year from the date of his final judgment.[113] An attempt to bring these claims in state court now would be futile, and Mr. Bueno is procedurally defaulted from our review of them now.

Mr. Bueno raises four objections to Judge Lloret's Report and Recommendation. The first objection is to Judge Lloret's conclusion Mr. Bueno did not fairly present his federal claim in state court. The second objection is to Judge Lloret's requirement of the petitioner to cite a constitutional standard violated and facts showing the violation. Third, Mr. Bueno objects to Judge Lloret's conclusion the state courts adjudicated Mr. Bueno's federal claims on the merits, when he never presented those federal claims. Fourth, Mr. Bueno objects to Judge Lloret's conclusion the state courts' factual findings regarding Mr. Velez's credibility were not objectively unreasonable.

16

## A. We overrule Mr. Bueno's Objection One to Judge Lloret's conclusion he did not fairly present his federal claim.

In his first objection to the Report and Recommendation, Mr. Bueno objects to Judge Lloret's conclusion Mr. Bueno did not fairly present his *habeas* Claim One to the state courts.

Mr. Bueno agrees with Judge Lloret's conclusion Mr. Bueno did not fairly present his "unconstitutional inducement" claim, but objects to the conclusion Mr. Bueno did not fairly present Claim One's "false factual basis" component to the state courts.[114]

In his first PCRA appeal, Mr. Bueno argued,

> "[t]he PCRA Court erred because there was sufficient credible evidence in the record corroborating Dennis Velez's PCRA testimony that he, in fact, shot Debra Robberson, not Christian Bueno. This after-discovered evidence proves the factual basis of Christian Bueno's guilty plea is invalid and unconstitutional, that Christian Bueno is legally innocent of first-degree murder, and that Christian Bueno has satisfied the manifest injustice standard to have his guilty plea withdrawn. U.S. Const. amends. V, VI, VII, XIV; Pa. Const., art. 1, §§ 1, 9."[115]

Mr. Bueno also points to the opening paragraph regarding his factual basis claim in his first PCRA petition which cites a mixture of state and federal case law to show notice of his federal claim to the state court. One of the federal cases cited Mr. Bueno is *Hill v. Lockhart*,[116] which he used the proposition: "[t]he longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."[117] Mr. Bueno argues his citation to *Hill* notified the state courts he did not make an "intelligent choice" to plead guilty.

We disagree. As analyzed above, Mr. Bueno spends the bulk of his first PCRA brief arguing state law. Mr. Bueno merely cites to constitutional amendments in his question presented, then cites to a handful of Supreme Court cases in presenting some legal standards regarding guilty pleas. This does not satisfy the fair presentment standard imposed by the Supreme Court and our Court

of Appeals requiring the petitioner to present the factual and legal substance of the claim in such a manner the state court is noticed a federal claim is being asserted.[118] "Mere similarity of claims is insufficient to exhaust."[119]

## B. We overrule Mr. Bueno's Objection Two to Judge Lloret's conclusion a petitioner must cite the constitutional standard with supporting facts.

In his second objection, Mr. Bueno objects to Judge Lloret requiring him "put before the state court both the federal Constitutional standard he claims . . . violated, and the set of facts [violating] the federal Constitutional standard . . . " in order to fairly present a federal claim to state courts.[120]

To fairly present a federal constitutional issue in state court, Judge Lloret found, "it is not enough to simply cite to the Constitution. A plaintiff must fairly put before the state court both the federal Constitutional standard he claims . . . violated, and the set of facts [violating] the federal Constitutional standard."[121] Judge Lloret concluded Mr. Bueno did not explain the federal constitutional standard the Superior Court violated in his first PCRA appeal, and Mr. Bueno further clouded his alleged federal claim by arguing almost entirely state law in his brief.[122] Judge Lloret said despite four total citations to United State Supreme Court cases in passing, Mr. Bueno lacked citation to, let alone discussion of, "federal Constitutional standards determined by the Supreme Court of the United States, or how [the guilty plea proceedings violated] such standards. None of the citations remotely amounted to a fair presentation of a federal Constitutional argument."[123]

Mr. Bueno counters the standard to fairly present a federal claim in state court is a significantly lower bar than applied by Judge Lloret, and he fairly presented his federal claims in state court. Mr. Bueno relies on *Baldwin v. Reese*, where the United States Supreme Court found a "litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by . . . simply labeling the claim 'federal.'"[124] Mr.

Bueno also cites *Evans v. Court of Common Pleas*,[125] where our Court of Appeals stated a *habeas* petitioner can fairly present a federal claim in state court, without citing "chapter and verse of the Constitution"[126] through,

> "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.'"[127]

"[T]he appropriate focus [of a fair presentment inquiry] centers on the likelihood . . . the presentation in state court alerted [the state] tribunal to the claim's federal quality and approximate contours."[128]

Mr. Bueno contends he met this standard because he cited to specific constitutional amendments in his brief's claims presented and then cited two Supreme Court cases in support. Mr. Bueno argues this "put the state courts on notice that – based on [Mr. Velez's] PCRA hearing testimony – his decision to plead guilty after [Mr. Velez's] trial testimony wasn't an 'intelligent choice' under the Federal Constitution."[129]

The Supreme Court and our Courts of Appeals articulated rules for when fair presentment exists. A *habeas* petition "shall not be granted unless . . . the applicant . . . exhausted the remedies available in the courts of the State."[130] "The exhaustion requirement is rooted in considerations of comity, to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions."[131] "To satisfy the exhaustion requirement, a petitioner must 'fairly present' the claim by presenting its 'factual and legal substance to the state courts in a manner that puts them on notice . . . a federal claim is being asserted.'"[132] "The claim brought in federal court must be the substantial equivalent of that presented to the state courts."[133] "The *habeas* petition bears the burden of proving exhaustion of all state remedies."[134]

19

We agree with Judge Lloret. We conclude Mr. Bueno did not fairly present his Claim One to state courts. In his first PCRA brief, Mr. Bueno merely cited to constitutional amendments and a handful of Supreme Court cases in presenting some legal standards regarding guilty pleas, but almost exclusively relied on and argued state law. This flaw in Mr. Bueno's brief does not satisfy his obligation to fairly present federal claims to state courts. In Mr. Bueno's first PCRA brief he argues state law, but now wants to rely on federal law. This leaves his Claim One unexhausted because it denied the state courts the opportunity to consider the federal component to his claims.

We agree with Judge Lloret's conclusion Mr. Bueno did not fairly present these claims as federal constitutional issues to the state courts. Mr. Bueno argues his citations to the constitutional amendments is enough to "notice" the state courts of his federal claims. We disagree. Mr. Bueno failed to present the factual and legal substance of the federal claim in a manner to notice the state court federal claims are asserted.[135] Mr. Bueno argues his citation to some Supreme Court case law later in his brief satisfies the fair presentment requirement. But these cases are cited only in passing, and Mr. Bueno spends the bulk of his brief relying on state law.[136] This conflicting presentation of his claims does not present the factual and federal law basis of his claims.

## C.    We overrule Mr. Bueno's Objection Three to Judge Lloret's alternative analysis under the AEDPA.

In his third objection, Mr. Bueno argues, "despite finding Mr. Bueno never presented a federal claim to the state courts, Judge Lloret concluded the state courts adjudicated the *never presented* federal claim on the merits, triggering the [Anti-Terrorism and Effective Death Penalty Act's] highly deferential standard of review."

Mr. Bueno assumes Judge Lloret misinterpreted the record finding the state courts adjudicated the false factual basis claim when Mr. Bueno never fairly presented the claim. In

20

essence, Mr. Bueno asks how a claim could be adjudicated on its merits by the state court when he never fairly presented the claim to begin with?[137]

Mr. Bueno's objection fails. Judge Lloret did not say the state courts adjudicated the false factual basis claim. Judge Lloret first found Mr. Bueno failed to fairly present the claim, then he concluded "the state court did not unreasonably apply federal law as determined by the United States Supreme Court when it rejected these claims, nor did the court base its decision on an unreasonable determination of facts," even if one assumes Mr. Bueno raised the claim in his first PCRA petition.[138] Judge Lloret did not misinterpret the record. He instead alternatively analyzed the claim for completeness.

Regardless of whether the state courts adjudicated the federal component of Mr. Bueno's false factual basis claim, the claim is futile because Mr. Bueno did not fairly present it and the claim is now procedurally defaulted.

**D.    We overrule Mr. Bueno's Objection Four to Judge Lloret's conclusion the state courts made objectively reasonable fact findings on credibility.**

In his Report and Recommendation, Judge Lloret concluded the state courts made objectively reasonable fact findings regarding Mr. Velez's credibility. Mr. Bueno objects to this conclusion.

Mr. Bueno argues the PCRA court erred when it conclusory determined Mr. Velez's PCRA hearing testimony not to be credible. Mr. Bueno argues the PCRA court never explained the basis of its finding and then points to eight reasons why he believes Mr. Velez's testimony to be credible.[139]

We disagree with Mr. Bueno. The state courts did not make an objectively unreasonable determination regarding Mr. Velez's testimony.

21

The applicable standard is whether the state court made an objectively unreasonable determination of the facts in light of the available evidence.[140] The test is one of reasonableness and mere disagreement with the state court or even a showing of erroneous fact finding by the state court is insufficient.[141]

Mr. Bueno argues "in finding [Mr. Velez's testimony] incredible, the PCRA court merely said the following . . . 'This Court did not find any of . . . [Mr.] Velez's testimony to be credible.' . . . The PCRA court never explained the basis of its credibility findings." But Mr. Bueno mischaracterizes the PCRA court's reasoning in making its credibility determination. The PCRA court did not "merely" state Mr. Velez's testimony to be incredible. In the very next sentence Judge Dantos writes, "[o]f note, after [Mr.] Velez testified and was being led out of the courtroom, he said to [Mr. Bueno], 'Call me.' This was audible to the Court and placed on the record at that time."[142] Judge Dantos also noted Mr. Velez swore at Mr. Bueno's trial describing how Mr. Bueno shot Ms. Robberson, but changed his testimony for Mr. Bueno's PCRA hearing.[143]

It is not our obligation to assess credibility determinations made in state courts.[144] The record confirms the state court reasonably relied on facts presented to determine Mr. Velez's recantation at the PCRA hearing to be incredible. Mr. Bueno did not present clear and convincing evidence to rebut the state court's factual findings presumed to be valid.

**E.      We deny a certificate of appealability.**

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . . ."[145] A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."[146] In *Slack v. McDaniel*, the Supreme Court held when a district

22

court rejects constitutional claims on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[147] The Court further explained when a district court denies a *habeas* petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[148]

For the reasons detailed today, Mr. Bueno has not shown and we cannot find our holdings denying Mr. Bueno's non-defaulted constitutional claim challenging the state court's Orders could be reasonably debated. Mr. Bueno has also not shown and we cannot find our conclusions barring his claims based on procedural default would allow reasonable judges to debate the correctness of our rulings.

## III. Conclusion

In the accompanying Order, we overrule Mr. Bueno's four objections and find his four claims for habeas relief lack merit. We adopt Judge Lloret's Report and Recommendation. We deny and dismiss Mr. Bueno's Petition for a writ of *habeas corpus*. We deny a certificate of appealability.

---

[1] *Commonwealth v. Bueno*, No. 1685 EDA 2015, 2016 WL 1573651, at *1 (Pa. Super. April 19, 2016).

[2] *Id.*

[3] *Id.* at *1.

[4] *Id.*

23

[5] *Id.*

[6] ECF Doc. 1, Ex. 1; ECF Doc. 1, Ex. 2.

[7] ECF Doc. 1, Ex. 3A.

[8] *Id.* at *2.

[9] *Id.*

[10] *Id.*

[11] ECF Doc. 1, Ex. 3A.

[12] ECF Doc. 1, Ex. 3 at 7.

[13] *Id.* at 13.

[14] *Id.* at 15-16.

[15] *Id.* at 18.

[16] ECF Doc. 1, Ex. 5.

[17] *Id.*

[18] ECF Doc. 29 at 4.

[19] *Commonwealth v. Bueno*, 60 A.3d 560 (Pa. Super. 2012).

[20] *Commonwealth v. Bueno*, 62 A.3d 377 (Pa. 2013).

[21] ECF Doc. 1, Ex. 10.

[22] *Id.*, Ex. 11.

[23] ECF Doc. 29, at 5.

[24] ECF Doc. 1, Ex. 12.

[25] *Id.*, Ex 19B at 43.

[26] *Id.*, Ex. 15A at 1.

[27] *Commonwealth v. Bueno*, No. 1685 EDA 2015, 2016 WL 1573651, at *4 (Pa. Super. April 19, 2016).

24

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] ECF Doc. 1, Ex. 15A at 6.

[32] *Id.* at Ex. 16.

[33] *Commonwealth v. Bueno*, 2016 WL 1573651, at *8.

[34] *Id.* at *5.

[35] ECF Doc. 29, at 5.

[36] ECF Doc. 1, Ex. 31-32.

[37] *Id.*, Ex. 33.

[38] ECF Doc. 1, at 21-23.

[39] ECF Doc. 1, Ex. 20.

[40] *Commonwealth v. Bueno*, No. 2913 EDA 2016, 2017 WL 4464391, at *1 (Pa. Super. Oct. 6, 2017).

[41] *Id.*

[42] ECF Doc. 1, Ex. 20, at 5.

[43] *Commonwealth v. Bueno*, 2017 WL 4464391 at *3.

[44] ECF Doc. 1.

[45] ECF Doc. 2.

[46] ECF Doc. 3.

[47] ECF Doc. 14.

[48] ECF Doc. 16.

[49] ECF Doc. 17.

[50] ECF Doc. 29.

[51] ECF Doc. 1, at 24.

[52] ECF Doc. 29, at 14.

[53] 28 U.S.C. § 2254(d)(2).

[54] 28 U.S.C. § 2254(e)(1); *Rice v. Collins*, 546 U.S. 333 (2006).

[55] *Commonwealth v. Blackwell*, 647 A.2d 915, 921 (Pa. Super. 1994).

[56] *Commonwealth v. Shaffer*, 446 A.2d 591, 593 (Pa. Super. 1999).

[57] *Boykin v. Alabama*, 395 U.S. 238, 243 n. 5 (1969) (citing *Johnson v. Zerbst*, 304 U.S. 458, 466 (1938)).

[58] *Commonwealth v. Young*, 695 A.2d 414, 417 (Pa. Super. 1997).

[59] ECF Doc. 1, Ex. 3.

[60] *Id.*, Ex. 3 at 5-6.

[61] *Id.*, Ex. 3 at 12-13.

[62] *Id.*, Ex. 3 at 18.

[63] *See Brady v. United States*, 397 U.S. 742, 751 (1970) ("We decline to hold . . . a guilty plea is compelled and [unconstitutionally invalid] whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction [of a higher penalty]".); *see also Commonwealth v. Myers*, 642 A.2d 1103, 1108 (Pa. Super. 1994).

[64] ECF Doc. 1, Ex. 3 at 16.

[65] *Commonwealth v. Bueno*, 2016 WL 1573651 at *9-10.

[66] *Myers*, 642 A.2d at 1108 (citing *Commonwealth v. Jackson*, 479 A.2d 5, 6 (Pa. Super. 1984)).

[67] *See Miller-El v. Cockrell*, 537 U.S. 322, 324 (2003).

[68] *Meyers v. Gillis*, 93 F.3d 1147, 1150-51 (3d. Cir. 1996) (failure to follow state guilty plea procedure did not amount to a violation of due process under the United States Constitution).

[69] *See* 28 U.S.C. § 2254(d)(1), (2).

[70] *Herrera v. Collins*, 506 U.S. 390, 417 (1993).

26

[71] ECF Doc. 1, at 24-25.

[72] *Commonwealth v. Bueno*, 2017 WL 4464391 at *6. (A PCRA petition, a second or subsequent petitions, must be filed within one year of the date petitioner's judgment becomes final. Mr. Bueno's judgment became final on April 9, 2013 when his time to petition for writ of *certiorari* to the United States Supreme Court expired. This makes Mr. Bueno's PRCA statute of limitations April 9, 2014. Mr. Bueno did not submit his second PRCA petitions until 2016).

[73] *Id.* at *5-6, 8. (Mr. Bueno's second round of PCRA petitions centered on Mr. Velez's recantation at the first PCRA hearing as newly discovered evidence. But to establish grounds for *habeas* relief based on newly-discovered evidence, a PCRA petitioner must demonstrate the evidence "could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence." The PCRA court concluded Mr. Bueno failed to exercise reasonable diligence failing to interview Mr. Oquendo because he "was aware of Ms. Lopez's statement prior to his guilty plea[,] Mr. Oquendo was incarcerated in a state prison facility at that time, and thus his whereabouts were known.") (citing *Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010)).

[74] *Id.* at *6 ("A PCRA court may not entertain a new PCRA petition while a prior PCRA petition is still on appeal." *Commonwealth v. Porter*, 35 A.3d 4, 14 (Pa. 2012)).

[75] *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000).

[76] *Commonwealth v. Bueno*, 2017 WL 4464391, at *7 (The Superior Court affirmed the PCRA court's denial of Mr. Bueno's first petition on April 19, 2016 and Mr. Bueno did not re-file his second PCRA petition until July 6, 2016, seventy-eight days later).

[77] *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

[78] *Id.*

[79] 373 U.S. 83 (1963).

[80] ECF Doc. 1, Ex. 21, at 6.

[81] ECF Doc. 1, at 25.

[82] ECF Doc. 29, at 26.

[83] 466 U.S. 668 (1984).

[84] *Id.* at 687-88.

[85] *Id.* at 687.

[86] *Id.*

[87] *Id.*

[88] *Id.* at 689.

[89] *Id.* at 691.

[90] ECF Doc. 29, at 27.

[91] *Id.*

[92] *Id.* (Mr. Bueno called Pedro Medina, Victor Villaverde, and Jose Nunez).

[93] Judge Lloret asked:

> ("Does [Mr. Bueno] argue . . . by merely impeaching Ms. Lopez's
> testimony that she overheard [Mr. Bueno] say . . . he killed the
> victim, the substantial evidence against Mr. Bueno would have
> vanished? Such a claim overlooks the evidence presented by Ms.
> Soto, who testified . . . Mr. Bueno was not only present, but in
> possession of a handgun, as well as the as-yet unrecanted testimony
> (at the time of trial) of Mr. Velez, [identifying] Mr. Bueno [as] the
> shooter. Is [Mr. Bueno's] contention that Mr. Oquendo's testimony
> would have bolstered [the testimony] of his witnesses claiming he
> was in New York? Was the purported testimony of Mr. Oquendo
> so compelling . . . trial counsel would have presented a completely
> different defense?").

ECF Doc. 29, at 28.

[94] ECF Doc. 1, at 25.

[95] ECF Doc. 29, at 29-30 (Mr. Bueno's deadline to fairly present federal claims to state courts expired on April 9, 2014, but he first raised his cumulative error claim on August 15, 2016, the day of oral argument before the PCRA court on his untimely second PCRA petition).

[96] *Id.*, at 30.

[97] *Id.*, at 31.

[98] *See Fahy v. Horn*, 516 F.3d 169, 205 (3d Cir. 2008)

> "Individual errors that do not entitle a petitioner to relief may do so
> when combined, if cumulatively the prejudice resulting from them
> undermined the fundamental fairness of his trial and denied him his
> constitutional right to due process. Cumulative errors are not
> harmless if they had a substantial and injurious effect or influence

> in determining the jury's verdict, which means that a habeas
> petitioner is not entitled to relief based on cumulative errors unless
> he can establish actual prejudice."

[99] *Collins v. Secretary of Pennsylvania Department of Corrections*, 742 F.3d 528, 542 (3d Cir. 2014).

[100] *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

[101] ECF Doc. 33, at 1.

[102] *Id.*, at 2.

[103] 28 U.S.C. § 2254(b)(1)(A).

[104] *Picard v. O'Connor*, 404 U.S. 270, 275-76 (1971).

[105] *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999).

[106] *Evans v. Court of Common Pleas, Delaware County*, 959 F.2d 1227, 1231 (3d Cir. 1992).

[107] *McCandless,* 172 F.3d at 260.

[108] *Harris v. Reed*, 489 U.S. 255, 260 (1989).

[109] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[110] ECF Doc. 1, Ex 19B at 43.

[111] ECF Doc. 29, at 14.

[112] *See McCandless,* 172 F.3d at 260 (Where prisoner did not exhaust his claim in state court and state procedural rules bars it now, the claim is procedurally defaulted).

[113] 28 U.S.C. § 2244(d)(1).

[114] ECF Doc. 33, at 5.

[115] ECF Doc. 1, Ex 19B at 43.

[116] 474 U.S. 52 (1985).

[117] *Id.* at 56.

[118] *McCandless*, 172 F.3d at 260; *see also Duncan,* 513 U.S. at 366.

[119] *Duncan,* 513 U.S. at 366.

[120] ECF Doc. 33.

[121] ECF Doc. 29, at 12 (citing *Duncan*, 513 U.S. at 366).

[122] *Id.*

[123] ECF Doc. 29, at 12 n.8.

[124] 541 U.S. 27, 32 (2004).

[125] 959 F.2d 1227 (3d Cir. 1992).

[126] *Evans*, 959 F.2d at 1232.

[127] *Id.*

[128] *Id.* (quoting *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989)).

[129] ECF Doc. 33, at 7.

[130] 28 U.S.C. § 2254(b)(1).

[131] *Brown v. Kauffman*, No. 17-2236, 2019 U.S. Dist. LEXIS 164392, at *9 (E.D. Pa. Sept. 23, 2019) (citing *Castille v. Peoples*, 489 U.S. 346, 349 (1989)).

[132] *Mathis v. Attorney General of the State of New Jersey*, 732 F. App'x 138, 140-41 (3d Cir. 2018) (citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)).

[133] *Evans,* 959 F.2d at 1231.

[134] *Brown,* 2019 U.S. Dist. LEXIS 164392, at *9 (citing *Boyd v. Waymart*, 579 F.3d 330, 367 (3d Cir. 2009)).

[135] *McCandless* 172 F.3d at 260.

[136] *See* ECF Doc. 1, Ex. 19B at 43 (The entirety of federal caselaw cited by Mr. Bueno follows:

> "A guilty plea must have a factual basis which his premised on credible and truthful statements, facts, and evidence. . . . If not, the plea cannot be knowing and intelligent–which are fundamental plea requirements. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); Pa.R.Crim.P. 590(A)(3). A plea must also be voluntary, meaning "agents of the State may not produce a plea by actual or threatened

physical harm or by mental coercion overbearing the will of the defendant." *Brady v. United States*, 397 U.S. 742, 750 (1970).").

[137] ECF Doc. 33, at 10 n.10.

[138] ECF Doc. 29, at 13.

[139] *See* ECF Doc. 33, at 11-13,citing to ECF Doc. 1, Ex. 16 at 6 (Permit us to note, these eight reasons Mr. Bueno argues prove Mr. Velez's recantation to be credible, fall far short of clear and convincing evidence required to overturn a state court's factual determination. These reasons are nothing more than a series of arguments Mr. Bueno should have made at the state court in attempt to prove the credibility of Mr. Velez's recantation).

[140] *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362, 409 (2000)); *Werts v. Vaughn*, 228 F.3d 178, 197 (3d Cir. 2000); *Matteo v. Superintendent S.C.I. Albion*, 171 F.3d 877, 890 (3d Cir. 1990).

[141] *Id.*

[142] ECF Doc. 1, Ex. 16 at 6.

[143] *Commonwealth v. Bueno*, 2016 WL 1573651, at *2.

[144] *Herrera v. Collins*, 506 U.S. 390, 417 (1993).

[145] 28 U.S.C. § 2253(c)(1).

[146] *Id.* § 2253(c)(2).

[147] 529 U.S. 473, 484 (2000).

[148] *Id.*